Brewer<br>v.<br>Hardy.

---

## John Boyle et al. versus The Agawam Canal Company.

Where a contract is made for the construction of an entire work for a stipulated sum, and a casualty occurs increasing the labor and cost of constructing the same, the loss must fall on him who engages to do the work.

The plaintiffs contracted in writing with a canal corporation, to construct a portion of the canal for a stipulated sum per cubic yard of excavation and embankment, the company agreeing to pay seventy-five per cent on the estimates of the engineer, which were to be made monthly, as the work advanced, and the balance when it should be finished, together with an additional sum in satisfaction for losses sustained in the construction of the work previously to the execution of the contract. It was *held*, that the plaintiff was not entitled to recover for the extra labor of repairing a portion of the embankment and excavation, which was washed away or filled up by floods before the work was completed.

In the same case, the plaintiff offered to prove, that the company, either at the time when the contract was executed or in the preliminary negotiations concerning it, verbally promised him to construct a slope wall against the embankment as the work advanced, which would have prevented it from being swept away by the floods. It was *held*, that such evidence was inadmissible to control or vary the contract in writing, it not coming within the rule allowing the introduction of evidence as to the actual state of things at the time when a contract in writing is made, to aid in its construction.

This was an action of debt upon a sealed contract. The trial was before *Putnam* J.

The contract was executed on the 15th of September,

1836, by the plaintiffs of the first part, and the defendants, of the second part, and contained the following among other stipulations. " The party of the first part doth hereby agree to make and construct the Agawam Canal, beginning at station No. 6, and running to near the western termination of said canal to the east quarry of stone," &c. " which distance includes the canal heretofore finished by the said party of the first part, and which is to be deepened six inches and widened on the towing path side eighteen inches by said party of the first part." " The party of the first part doth further agree to finish the work on or before the first day of May, 1837." " The party of the second part doth further agree to pay to the party of the first part, the sum of twenty cents for each and every cubic yard of excavation, the sum of twenty cents per cubic yard for rock excavation, the sum of twenty cents for each and every cubic yard of embankment. The party of the second part doth further agree to pay seventy-five per cent on the estimates of the engineer, which estimate shall be made monthly, as the work progresses ; and whenever the party of the first part shall have finished the work and presented a certificate from the engineer, that the said work is finished and accepted, the party of the second part doth hereby agree to pay the balance which may then be due on this contract. The party of the second part doth further agree, whenever the aforesaid estimate and certificate shall be presented, to pay to the party of the first part the additional sum of three hundred dollars to satisfy all losses sustained on work, which certificate bears date September 2d, 1836. And it is further agreed, that if in the opinion of the engineer, the work does not progress so as to insure its completion by the time herein specified, the party of the second part shall have the right to put on as much help as can reasonably be used on said work, at the expense of the party of the first part."

The action was brought to recover for excavating and embanking, according to an estimate of the defendants' engineer · which included the repairing of damages caused by floods, distinguishing however the number of cubic yards of earth removed in making such repairs.

It was proved that the plaintiffs had done all the work con

tained in the estimate. It was also proved, that before their contract was fully performed, 1000 cubic yards of the embankment made by them were swept away by floods, and that 494 cubic yards of earth were washed in and upon the canal where the plaintiffs had contracted to deepen the same six inches. The plaintiffs sought to recover for the extra labor of repairing the embankment and throwing out the earth which had been washed into the canal by the floods. The defendants had paid for all the work which would have been necessary to be done, to complete the contract, if there had been no flood.

The plaintiffs offered to prove, that the defendants verbally promised them to construct a slope wall against the embankment as the work advanced, and that they had been under the necessity of performing the extra labor in consequence of the neglect of the defendants so to do. The defendants objected to the competency of this evidence, on the ground, that it would vary the written contract, which contained no provision for such an accident as had happened. They also contended, that if there were any such parol engagement, the remedy for the breach of it was by a special action upon the case, and that it could not be enforced in an action upon the written contract. The evidence of the verbal promise was rejected.

A nonsuit was entered, subject to the opinion of the whole Court.

*Willard* and *Boise*, for the plaintiffs, to the point, that the parol evidence was admissible, under the rule allowing the introduction of parol testimony as to the actual state of things existing at the time when the written contract was made, to explain latent ambiguities, cited 3 Stark. on Ev. 1013 ; *Curtis* v. *Brewer*, 17 Pick. 513 ; and that the plaintiffs were entitled to recover compensation for the labor of repairing the damage occasioned by the floods, *Menetone* v. *Athawes*, 3 Burr. 1592.

*Ashmun* and *R. A. Chapman*, for the defendants.

DEWEY J. pronounced the opinion of the Court It is conceded, that the defendants have paid for all the labor and services which would have been required to be done to complete the contract made between them and the plaintiffs, but for the increased labor and expenditures occasioned by the occurrence of an unusual freshet during the period in which the

*Sept. 24th.*

*Sept 26th.*

plaintiffs were engaged in making the excavations and embankments under their contract. For this extra work, compensation is now demanded ; and this presents the question, upon whom shall fall the loss occasioned by this casualty.

The general rule undoubtedly is, that in cases of contracts for the construction of an entire work at a stipulated sum to be paid for the same, if any casualty shall occur, which shall increase the labors and expenditures of the contractor, the loss must fall on him who engages to do the work.

But the plaintiffs contend that this is a case of a mere contract for labor generally, to be paid for at a fixed rate of compensation for the work actually done ; and that in such a case the expense of the increased amount of labor arising from some casualty, and without any fault on the part of the laborer, would fall upon the party for whom the labor was performed. We are therefore brought to the inquiry, what is the legal effect of the agreement made by these parties.

A preliminary question however arises, as to the admission of the parol evidence offered by the plaintiffs, and rejected on the trial. The plaintiffs proposed to show, that the defendants had verbally promised the plaintiffs to make a slope wall as they proceeded in making the embankment, and which, if made, they allege would have prevented the loss which has occurred. No precise time is stated when this agreement was made, but it is understood to be offered as a part of this contract, either made at the time of signing it, or in the preliminary negotiations concerning it. But in either point of view, it is objectionable as being offered to control and vary a written contract.

It does not come within the rule allowing evidence to be introduced as to the actual state of things existing at the time of the making of a contract, to aid in its construction.

The case is therefore to be decided solely upon the construction to be given to the written contract. The plaintiffs stipulate to make and construct a certain part of the Agawam canal, the extent of the embankments and excavations being particularly described ; and in consideration thereof they are to receive twenty cents for each and every cubic yard of excavation, and the like sum for each and every cubic yard of embankment. It seems to us, that this must be considered as a

contract to pay for so many cubic yards of embankment as the    Boyle
same, when finished, would measure, and to pay for as many       *v.*
cubic yards of excavation as would be required to make the    Agawam
                                                              Canal Co.
canal as stipulated, calculating upon the amount of· earth to be
removed in the state of things as they were at the date of the
contract ; and that as to so much of the embankment as had
been washed away by the flood while the plaintiffs were in the
execution of the contract, or the earth which was by the same
casualty carried into that part of the canal, which was to be
deepened, they are not to be computed in making the estimate
of embankment and excavation chargeable upon the defendant‡

*Plaintiffs nonsuit.*